IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LANCE WILLIAMS,** | FILED: MAY 02, 2008 |
| Plaintiff, | No. 08CV2508   RCC |
| v. | JUDGE GOTTSCHALL |
| **RESURRECTION HEALTH CARE,** | MAGISTRATE JUDGE DENLOW |
| Defendant. | **Jury Trial Requested** |

## COMPLAINT

NOW COMES Plaintiff, LANCE WILLIAMS, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, RESURRECTION HEALTH CARE, states as follows:

### PRELIMINARY STATEMENT

1.  This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3.  Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4.      Plaintiff, LANCE WILLIAMS, is an African-American citizen of the United States who resides in Illinois.

5.      Defendant, RESURRECTION HEALTH CARE, is a not-for-profit corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**PROCEDURE**

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on April 4, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on April 9, 2008, which Plaintiff received on April 10, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION**

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.      Plaintiff began working for Defendant as a Lab Support Specialist III in October 2007.

9.      Throughout his career with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto and any assertion to the contrary is a pretext for discrimination.

10. Throughout his career, Plaintiff has been assigned to Defendant's St. Mary Resurrection Hospital. During this period, Plaintiff was the only African-American Lab Support Specialist assigned to his shift and one (1) of only two (2) African-American employees scheduled in the hospital during his assigned shift.

11. From the outset of his employment, Defendant's predominately Hispanic managerial and employee staff have discriminated against Plaintiff by harassing him and holding Plaintiff to a higher standard of conduct than his similarly situated non-African-American co-workers.

12. Defendant's primarily Hispanic workforce isolated Plaintiff by generally conversing only in Spanish and often refusing to speak with Plaintiff or acknowledge his presence.

13. Defendant has further permitted its non-African-American workforce to harass Plaintiff without substantive discipline or punishment.

14. On December 18, 2007, a non-African-American nurse in the Intensive Care Unit verbally harassed Plaintiff after Plaintiff informed the nurse that the lab could not accept a blood test she had performed.

15. The next day, Plaintiff returned to the Intensive Care Unit to perform a blood test, only to be laughed and pointed at by the Hispanic employees in the unit, who were presumably mocking Plaintiff in a foreign language.

16. After Plaintiff completed the blood test, a nurse instructed him that she needed the test results put in "black and white." Following this statement, as the other employees in the unit continued to watch, Nestor, a non-African-American employee, remarked "[i]n black and white! Can't you see he is a black man in a white coat - it does not get any more 'black and white' than that!"

17. Following these incidents, Plaintiff complained to Luda Hernandez, a Hispanic Lab

Supervisor, of the harassment. In response, Lab Supervisor Hernandez instructed Plaintiff to provide written documentation of the incidents, which she would deliver to Dr. Preston, the Director of the Laboratory.

18. Although Plaintiff provided a written account of these incidents to Lab Supervisor Hernandez, Defendant took no substantive action to alleviate the hostile environment.

19. As no action was taken by Defendant, the disparate treatment continued and Defendant's non-African-American employees accelerated the harassment against Plaintiff.

20. In February 2008, Plaintiff's non-African-American co-worker, Sadie, Lab Technician III, verbally abused Plaintiff after demanding that Plaintiff complete a task following the completion of his shift. In the tirade, Lab Technician Sadie repeatedly referred to Plaintiff as "boy."

21. Defendant further discriminated against Plaintiff by assigning him substantially harder assignments than his similarly situated non-African-American co-workers, including Esperandez Perez and Sadie.

22. Although Lab Support Specialists are supposed to rotate assignments between floors, Defendant routinely assigned Plaintiff floors with substantially more patients, requiring Plaintiff to perform significantly more tests and procedures, such as blood draws, bleeding times, and arterial blood gases. Plaintiff again complained of the disparate treatment to Lab Supervisor Hernandez to no avail.

23. As Defendant had taken no action in response to Plaintiff's complaints, Plaintiff met with Human Resources in February 2008 to determine the status of any investigation into his reports of discrimination. In the meeting, Human Resources representatives Ms. Freeman and Sarah stated that they were unaware of Plaintiff's complaints. Therefore, Plaintiff gave the human resource representatives written documentation of the harassment and disparate treatment he had endured.

24. Following Plaintiff's complaints, Defendant initiated an investigation purportedly to investigate Plaintiff's complaints of harassment and disparate treatment.

25. However, in a March 2008 meeting with Human Resources and Director of Laboratory Preston, rather than properly investigate Plaintiff's complaints, Defendant instead targeted Plaintiff, finding Plaintiff at fault and issuing him a written disciplinary warning.

26. Plaintiff was further warned that "[i]f any retaliatory behavior is exhibited toward any of your coworkers or any of the witnesses, or future incidents of your involvement in an inappropriate altercation with a co-worker occur it will result in further disciplinary actions up to and including your immediate termination."

27. On information and belief, Defendant took no substantive action to alleviate the harassing treatment against Plaintiff or to discipline the employees involved.

28. On April 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end his employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

29. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

30. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LANCE WILLIAMS, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole LANCE WILLIAMS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to LANCE WILLIAMS;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**COUNT II – TITLE VII - RACE DISCRIMINATION**

31. Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

32. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff on the basis of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

33. As a direct and proximate result of the above alleged willful and reckless acts or

omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LANCE WILLIAMS, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole LANCE WILLIAMS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to LANCE WILLIAMS;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT III – 42 U.S.C. § 1981- RETALIATION

34. Paragraphs one (1) through twenty-two (22) are incorporated by reference as if fully set out herein.

35. As Defendant had taken no action in response to Plaintiff's complaints, Plaintiff met with Human Resources in February 2008 to determine the status of any investigation into his reports

of discrimination. In the meeting, Human Resources representatives Ms. Freeman and Sarah stated that they were unaware of Plaintiff's complaints. Therefore, Plaintiff gave the human resource representatives written documentation of the harassment and disparate treatment he had endured.

36. Plaintiff engaged in protected conduct under 42 U.S.C. § 1981, based on his opposition to and reporting of Defendant's discriminatory conduct towards African-American employees.

37. Following Plaintiff's complaints, Defendant initiated an investigation purportedly to investigate Plaintiff's complaints of harassment and disparate treatment.

38. However, in a March 2008 meeting with Human Resources and Director of Laboratory Preston, rather than properly investigate Plaintiff's complaints, Defendant instead targeted Plaintiff, finding Plaintiff at fault and issuing him a written disciplinary warning.

39. Plaintiff was further warned that "[i]f any retaliatory behavior is exhibited toward any of your coworkers or any of the witnesses, or future incidents of your involvement in an inappropriate altercation with a co-worker occur it will result in further disciplinary actions up to and including your immediate termination."

40. On information and belief, Defendant took no substantive action to alleviate the harassing treatment against Plaintiff or to discipline the employees involved.

41. On April 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end his employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

42. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, depriving Plaintiff of the enjoyment of all benefits,

privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

43.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LANCE WILLIAMS, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race; and retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole LANCE WILLIAMS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to LANCE WILLIAMS;

F. Grant Plaintiff his attorney's fees, costs, and disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT IV – TITLE VII - RETALIATION

44. Paragraphs one (1) through twenty-two (22) are incorporated by reference as if fully set out herein.

45. As Defendant had taken no action in response to Plaintiff's complaints, Plaintiff met with Human Resources in February 2008 to determine the status of any investigation into his reports of discrimination. In the meeting, Human Resources representatives Ms. Freeman and Sarah stated that they were unaware of Plaintiff's complaints. Therefore, Plaintiff gave the human resource representatives written documentation of the harassment and disparate treatment he had endured.

46. Plaintiff engaged in statutorily protected conduct under Title VII, based on his opposition to and reporting of Defendant's discriminatory conduct towards African-American employees.

47. Following Plaintiff's complaints, Defendant initiated an investigation purportedly to investigate Plaintiff's complaints of harassment and disparate treatment.

48. However, in a March 2008 meeting with Human Resources and Director of Laboratory Preston, rather than properly investigate Plaintiff's complaints, Defendant instead targeted Plaintiff, finding Plaintiff at fault and issuing him a written disciplinary warning.

49. Plaintiff was further warned that "[i]f any retaliatory behavior is exhibited toward any of your coworkers or any of the witnesses, or future incidents of your involvement in an inappropriate altercation with a co-worker occur it will result in further disciplinary actions up to and including your immediate termination."

50. On information and belief, Defendant took no substantive action to alleviate the harassing treatment against Plaintiff or to discipline the employees involved.

51. On April 2, 2008, rather than to continue to endure Defendant's racially hostile and

discriminatory work environment, Plaintiff was forced to end his employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

52. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

53. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LANCE WILLIAMS, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race, and retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole LANCE WILLIAMS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to LANCE WILLIAMS;

F.     Grant Plaintiff his attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

54.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
LANCE WILLIAMS, Plaintiff,


By: s/Lisa Kane
      Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, LANCE WILLIAMS, declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2008.

_____
LANCE WILLIAMS

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** (ISSUED ON REQUEST)

To: Lance Williams
4727 N. Malden
#323
Chicago, IL 60640

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8814 9102

RECEIVED APR 10 2008

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 440-2008-04635
EEOC Representative: Zelma Gonzalez, Investigator Support Asst
Telephone No.: (312) 886-4821

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe     4/9/08
John P. Rowe,
District Director
(Date Mailed)

Enclosures(s)

cc:  RESURRECTION HEALTH CARE