IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RESURRECTION HEALTH CARE,<br><br>　　　　Defendant. | No. 08CV2508<br><br>Judge Gottschall<br><br>Magistrate Judge Denlow |

## ANSWER

Defendant, Resurrection Health Care, by its attorneys, in answer to the Complaint, states as follows.

### PRELIMINARY STATEMENT

**ALLEGATION NO. 1:**

This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:**

Defendant admits.

### JURISDICTIONAL STATEMENT

**ALLEGATION NO. 2:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Defendant admits.

## VENUE

**ALLEGATION NO. 3:**

Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**

Defendant admits.

## PARTIES

**ALLEGATION NO. 4:**

Plaintiff, LANCE WILLIAMS, is an African-American citizen of the United States who resides in Illinois.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 5:**

Defendant, RESURRECTION HEALTH CARE, is a not-for-profit corporation properly recognized and sanctioned by the laws of the State of Illinois. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**ANSWER:**

Defendant admits.

## PROCEDURE

**ALLEGATION NO. 6:**

Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on April 4, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on April 9, 2008, which Plaintiff received on April 10, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:**

Defendant admits.

- 3 -

## COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION

**ALLEGATION NO. 7:**

Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates its responses to Paragraph 1 through 6.

**ALLEGATION NO. 8:**

Plaintiff began working for Defendant as a Lab Support Specialist III in October 2007.

**ANSWER:**

Defendant denies that Plaintiff was employed by Defendant, but admits that Plaintiff became employed by Saints Mary and Elizabeth Medical Center and the other allegations.

**ALLEGATION NO. 9:**

Throughout his career with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto and any assertion to the contrary is a pretext for discrimination.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 10:**

Throughout his career, Plaintiff has been assigned to Defendant's St. Mary Resurrection Hospital. During this period, Plaintiff was the only African-American Lab Support Specialist assigned to his shift and one (1) of only two (2) African-American employees scheduled in the hospital during his assigned shift.

**ANSWER:**

Defendant admits that Plaintiff was assigned to work at Saints Mary and Elizabeth Medical Center, but denies the other allegations.

**ALLEGATION NO. 11:**

From the outset of his employment, Defendant's predominately Hispanic managerial and employee staff have discriminated against Plaintiff by harassing him and holding Plaintiff to a higher standard of conduct than his similarly situated non-African-American co-workers.

- 4 -

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 12:**

Defendant's primarily Hispanic workforce isolated Plaintiff by generally conversing only in Spanish and often refusing to speak with Plaintiff or acknowledge his presence.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 13:**

Defendant has further permitted its non-African-American workforce to harass Plaintiff without substantive discipline or punishment.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 14:**

On December 18, 2007, a non-African-American nurse in the Intensive Care Unit verbally harassed Plaintiff after Plaintiff informed the nurse that the lab could not accept a blood test she had performed.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 15:**

The next day, Plaintiff returned to the Intensive Care Unit to perform a blood test, only to be laughed and pointed at by the Hispanic employees in the unit, who were presumably mocking Plaintiff in a foreign language.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 16:**

After Plaintiff completed the blood test, a nurse instructed him that she needed the test results put in "black and white." Following this statement, as the other employees in the unit continued to watch, Nestor, a non-African-American employee, remarked "[i]n black and white!

- 5 -

Can't you see he is a black man in a white coat - it does not get any more 'black and white' than that!"

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 17:**

Following these incidents, Plaintiff complained to Luda Hernandez, a Hispanic Lab Supervisor, of the harassment. In response, Lab Supervisor Hernandez instructed Plaintiff to provide written documentation of the incidents, which she would deliver to Dr. Preston, the Director of the Laboratory.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 18:**

Although Plaintiff provided a written account of these incidents to Lab Supervisor Hernandez, Defendant took no substantive action to alleviate the hostile environment.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 19:**

As no action was taken by Defendant, the disparate treatment continued and Defendant's non-African-American employees accelerated the harassment against Plaintiff.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 20:**

In February 2008, Plaintiff's non-African-American co-worker, Sadie, Lab Technician III, verbally abused Plaintiff after demanding that Plaintiff complete a task following the completion of his shift. In the tirade, Lab Technician Sadie repeatedly referred to Plaintiff as "boy."

**ANSWER:**

Defendant denies.

CHICAGO/#1798325.1

**ALLEGATION NO. 21:**

Defendant further discriminated against Plaintiff by assigning him substantially harder assignments than his similarly situated non-African-American co-workers, including Esperandez Perez and Sadie.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 22:**

Although Lab Support Specialists are supposed to rotate assignments between floors, Defendant routinely assigned Plaintiff floors with substantially more patients, requiring Plaintiff to perform significantly more tests and procedures, such as blood draws, bleeding times, and arterial blood gases. Plaintiff again complained of the disparate treatment to Lab Supervisor Hernandez to no avail.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 23:**

As Defendant had taken no action in response to Plaintiff's complaints, Plaintiff met with Human Resources in February 2008 to determine the status of any investigation into his reports of discrimination. In the meeting, Human Resources representatives Ms. Freeman and Sarah stated that they were unaware of Plaintiff's complaints. Therefore, Plaintiff gave the human resource representatives written documentation of the harassment and disparate treatment he had endured.

**ANSWER:**

Defendant denies that it took no action in response to Plaintiff's complaints, but admits the other allegations.

**ALLEGATION NO. 24:**

Following Plaintiff's complaints, Defendant initiated an investigation purportedly to investigate Plaintiff's complaints of harassment and disparate treatment.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 25:**

However, in a March 2008 meeting with Human Resources and Director of Laboratory Preston, rather than properly investigate Plaintiff's complaints, Defendant instead targeted Plaintiff, finding Plaintiff at fault and issuing him a written disciplinary warning.

**ANSWER:**

Defendant admits that on or about March 25, 2008, at a meeting with Human Resources and Dr. Preston, Plaintiff received a written disciplinary warning for unprofessional behavior, but denies that the complaints were not properly investigated or that he was "targeted."

**ALLEGATION NO. 26:**

Plaintiff was further warned that "[i]f any retaliatory behavior is exhibited toward any of your coworkers or any of the witnesses, or future incidents of your involvement in an inappropriate altercation with a co-worker occur it will result in further disciplinary actions up to and including your immediate termination."

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 27:**

On information and belief, Defendant took no substantive action to alleviate the harassing treatment against Plaintiff or to discipline the employees involved.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 28:**

On April 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end his employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

**ANSWER:**

Defendant admits that Plaintiff resigned but denies the other allegations.

CHICAGO/#1798325.1

**ALLEGATION NO. 29:**

The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 30:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:**

Defendant denies.

### COUNT II – TITLE VII–RACE DISCRIMINATION

**ALLEGATION NO. 31:**

Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates by reference its response to Paragraphs 1 through 28.

**ALLEGATION NO. 32:**

The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff on the basis of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 33:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

- 9 -

**ANSWER:**

Defendant denies.

### COUNT III – 42 U.S.C. § 1981- RETALIATION

**ALLEGATION NO. 34:**

Paragraphs one (1) through twenty-two (22) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates by reference its response to Paragraphs 1 through 22.

**ALLEGATION NO. 35:**

As Defendant had taken no action in response to Plaintiff's complaints, Plaintiff met with Human Resources in February 2008 to determine the status of any investigation into his reports of discrimination. In the meeting, Human Resources representatives Ms. Freeman and Sarah stated that they were unaware of Plaintiff's complaints. Therefore, Plaintiff gave the human resource representatives written documentation of the harassment and disparate treatment he had endured.

**ANSWER:**

Defendant denies that it took no action in response to Plaintiff's complaints, but Defendant admits the other allegations.

**ALLEGATION NO. 36:**

Plaintiff engaged in protected conduct under 42 U.S.C. § 1981, based on his opposition to and reporting of Defendant's discriminatory conduct towards African-American employees.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 37:**

Following Plaintiff's complaints, Defendant initiated an investigation purportedly to investigate Plaintiff's complaints of harassment and disparate treatment.

**ANSWER:**

Defendant admits.

CHICAGO/#1798325.1

**ALLEGATION NO. 38:**

However, in a March 2008 meeting with Human Resources and Director of Laboratory Preston, rather than properly investigate Plaintiff's complaints, Defendant instead targeted Plaintiff, finding Plaintiff at fault and issuing him a written disciplinary warning.

**ANSWER:**

Defendant admits that on or about March 25, 2008 at a meeting with Human Resources and Dr. Preston, Plaintiff received a written disciplinary warning for unprofessional behavior, but denies that the complaints were not properly investigated or that he was "targeted."

**ALLEGATION NO. 39:**

Plaintiff was further warned that "[i]f any retaliatory behavior is exhibited toward any of your coworkers or any of the witnesses, or future incidents of your involvement in an inappropriate altercation with a co-worker occur it will result in further disciplinary actions up to and including your immediate termination."

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 40:**

On information and belief, Defendant took no substantive action to alleviate the harassing treatment against Plaintiff or to discipline the employees involved.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 41:**

On April 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end his employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

**ANSWER:**

Defendant admits that Plaintiff resigned but denies the other allegations.

**ALLEGATION NO. 42:**

The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 43:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits and physical and emotional harm.

**ANSWER:**

Defendant denies.

## COUNT IV – TITLE VII - RETALIATION

**ALLEGATION NO. 44:**

Paragraphs one (1) through twenty-two (22) are incorporated by reference as if fully set out herein.

**ANSWER:**

Defendant incorporates by reference its response to Paragraphs 1 through 22.

**ALLEGATION NO. 45:**

As Defendant had taken no action in response to Plaintiff's complaints, Plaintiff met with Human Resources in February 2008 to determine the status of any investigation into his reports of discrimination. In the meeting, Human Resources representatives Ms. Freeman and Sarah stated that they were unaware of Plaintiff's complaints. Therefore, Plaintiff gave the human resource representatives written documentation of the harassment and disparate treatment he had endured.

**ANSWER:**

Defendant denies that it took no action in response to Plaintiff's complaints, but

Defendant admits the other allegations.

**ALLEGATION NO. 46:**

Plaintiff engaged in statutorily protected conduct under Title VII, based on his opposition to and reporting of Defendant's discriminatory conduct towards African-American employees.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 47:**

Following Plaintiff's complaints, Defendant initiated an investigation purportedly to investigate Plaintiff's complaints of harassment and disparate treatment.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 48:**

However, in a March 2008 meeting with Human Resources and Director of Laboratory Preston, rather than properly investigate Plaintiff's complaints, Defendant instead targeted Plaintiff, finding Plaintiff at fault and issuing him a written disciplinary warning.

**ANSWER:**

Defendant admits that on or about March 25, 2008, at a meeting with Human Resources and Dr. Preston, Plaintiff received a written disciplinary warning for unprofessional behavior, but denies that the complaints were not properly investigated or that he was "targeted."

**ALLEGATION NO. 49:**

Plaintiff was further warned that "[i]f any retaliatory behavior is exhibited toward any of your coworkers or any of the witnesses, or future incidents of your involvement in an inappropriate altercation with a co-worker occur it will result in further disciplinary actions up to and including your immediate termination."

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 50:**

On information and belief, Defendant took no substantive action to alleviate the harassing treatment against Plaintiff or to discipline the employees involved.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 51:**

On April 2, 2008, rather than to continue to endure Defendant's racially hostile and discriminatory work environment, Plaintiff was forced to end his employment with Defendant. Defendant's failure to take any action to alleviate the hostile and discriminatory work environment resulted in a constructive termination of Plaintiff's employment.

**ANSWER:**

Defendant admits that Plaintiff resigned but denies the other allegations.

**ALLEGATION NO. 52:**

The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to race discrimination, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 53:**

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

**ANSWER:**

Defendant denies.

**JURY TRIAL DEMAND**

**ALLEGATION NO. 54:**

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**ANSWER:**

Defendant admits.

- 14 -

## ADDITIONAL DEFENSES

1. Plaintiff is not entitled to punitive damages because Defendant has undertaken good faith efforts to implement its non-discrimination policy.

2. Plaintiff is not entitled to punitive damages because no manager of Defendant acted with malice or reckless indifference to Plaintiff's rights.

3. Plaintiff's claim for damages is barred in whole or part to the extent Plaintiff has failed to mitigate his alleged damages.

Wherefore, Defendants request that the Complaint and all claims be dismissed with prejudice and with costs awarded in favor of Defendants.

RESURRECTION HEALTH CARE

By: s/ Bruce R. Alper
One of Its Attorneys

Bruce R. Alper, Bar No. 03122801
Megan Crowhurst, Bar No. 06289289
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
Dated: June 6, 2008